UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**Donald Welch,**

    **Plaintiff,**

**v.**                                                       **Case No.  8:05-cv-1144-T-30MAP**

**United States of America,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt.# 1) filed on June 6, 2005.  The Court has undertaken a prompt preliminary review of the motion and the prior proceedings in the underlying criminal case[1] as required by Rule 4 of the Rules Governing  Section 2255 Proceedings for the United States District Courts.  After doing so, the Court concludes that Plaintiff's motion should be summarily denied without an evidentiary hearing because it plainly appears from the face of the motion and the prior criminal proceedings that Plaintiff's motion is barred by the applicable one (1) year limitation period mandated by Title 28 U.S.C. § 2255.  As such, this Court lacks jurisdiction to consider the motion.  Consequently, the Court needs no response from Defendant.

Plaintiff was indicted by a federal jury for the offenses of: Count I - conspiracy to possess with the intent to distribute 5 kilograms or more of cocaine, a Schedule II controlled

---

[1] See case number 8:01-cr-00445-JSM-6.

substance, in violation of Title 21 U.S.C. §§ 841(a)(1), 846, and 841(b)(1)(A); Count II - possession with the intent to distribute 5 kilograms or more of cocaine in violation Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and Title 18 U.S.C. § 2; Count III - possession of a firearm during and in relation to and in furtherance of violations of Title 21 U.S.C. §§ 846, and 841(a)(1), and Title 18 U.S.C. §§ 2 and 924(c).[2]  On April 11, 2002, a jury verdict of guilty was entered against Plaintiff as to Counts I and III.[3]  On July 12, 2002, the District Court entered judgment against Plaintiff[4] and Plaintiff was sentenced to a term of imprisonment of 240 months as to Count I followed by a term of supervised release.[5]  Also, on July 12, 2002, Plaintiff filed a Notice of Appeal.[6]  On December 29, 2003, the Eleventh Circuit Court of Appeals affirmed the judgment against Plaintiff and terminated the pending appeal.

Title 28 U.S.C. § 2255 states, in pertinent part:

> "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by the government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2] See Dkt.# 58 in case number 8:01-cr-445-JSM..

[3] See Dkt.# 150 in case number 8:01-cr-445-JSM..

[4] See Dkt.# 203 in case number 8:01-cr-445-JSM..

[5] See Dkt.# 202 in case number 8:01-cr-445-JSM.  Please note that Plaintiff was also sentenced to a term of imprisonment of 60 months as to Count III followed by a term of supervised release of 5 years to run concurrently to Count I.

[6] See Dkt.# 206 in case number 8:01-cr-445-JSM..

>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."[7]

Under the circumstances of this case, the 1-year period of limitation began to run upon the expiration of any right to appeal.[8] Plaintiff's judgment became final upon the affirmation of the same by the Eleventh Circuit Court of Appeals on December 29, 2003. Plaintiff did not file a petition for writ of certiorari within 90 days, therefore, his right to appeal to the U.S. Supreme Court expired on March 29, 2004. Consequently, the 1-year statutory limitation period for Plaintiff to file a Motion to Vacate pursuant to § 2255 expired on March 29, 2005 (one year and 90 days after the date on which Plaintiff's conviction became final).

As stated *supra*, Plaintiff did not file his § 2255 motion until June 20, 2005, clearly more than a year after his judgment of conviction was entered and the time for appeal expired. This Court finds that Plaintiff is barred from bringing this motion, therefore, this Court lacks jurisdiction to consider the same.

**ACCORDINGLY**, for the reasons stated herein, it is **ORDERED AND ADJUDGED** that:

1)   Plaintiff's Motion to Vacate (Dkt.# 1) is denied.

2)   Defendant's Motion for Extension of Time (Dkt. #6) is denied as moot.

---

[7] See id. 28 U.S.C. § 2255.

[8] The record does not support and Plaintiff has not pled allegations that would support a later date for the limitation period to begin pursuant to subparagraphs 2, 3 or 4 of § 2255.

3) The Clerk is directed to enter judgment for Defendant and to close this matter.

**DONE** and **ORDERED** in Tampa, Florida on January 13, 2006.

                                                      _____
                                                      JAMES S. MOODY, JR.
                                                      UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-1144.deny mt vacat.frm