UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONALD WELCH,

    Petitioner,

v.                                              CASE NO:  8:05-CV-1144-T-30MAP
                                              Crim. Case No: 8:01-CR-445-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) filed on June 20, 2005.  The Government has filed a Response (Dkt. #17) and Petitioner has replied (Dkt. #19) to the Government's Response.  After reviewing the briefs of the parties and the underlying criminal proceedings, the Court determines that Petitioner's Motion to Vacate should be denied.

### Background

Petitioner, DONALD WELCH (hereinafter referred to as "Welch" or "Petitioner") , a federal prisoner proceeding *pro se*, was convicted by a jury of conspiracy to possess five kilograms or more of cocaine with the intent to distribute, in violation of 21 U.S.C. §§846 and 841(b)(1)(A) (Count One) and knowingly carrying and possessing a firearm during and in relation to and in furtherance of the drug violations, in violation of 18 U.S.C. §§924(c) and

2 (Count Three). Prior to trial, the United States had filed a notice of enhancement, pursuant to 21 U.S.C. §851, advising Petitioner that, based on his March 5, 1993 conviction for felony possession of a controlled substance, he would be subject to the enhanced penalties of §841(b). In his case, the enhanced penalty would be a mandatory minimum sentence of twenty years up to life imprisonment.

Petitioner filed a direct appeal to the Eleventh Circuit Court of Appeal raising the following issues:

(1) Whether the evidence was sufficient to prove Welch's guilt on the conspiracy charge; and

(2) Whether the evidence was sufficient to prove Welch's guilt on the firearms charge.

The Eleventh Circuit affirmed the Judgment and sentence. United States v. Welch, 82 Fed. Appx. 221 (11th Cir. 2003), *cert. denied*, 124 S.Ct. 2867 (June 14, 2004).

Petitioner now brings this motion to vacate his sentence pursuant to 28 U.S.C. §2255 claiming he was denied effective assistance of counsel. Specifically, Petitioner raises the following grounds:

**Ground One:** Defense counsel was constitutionally ineffective for taking Mr. Welch to trial without the essential evidence required to make the defense that was available and the evidence and objections required by the circumstances.

**Ground Two:** The 21 U.S.C. §851 enhancement is not constitutionally authorized for state predicate convictions and it is legally void.

**Ground Three:** Should the defendant prevail on Ground Two, then he must be resentenced to the terms of his jury verdict exclusively and as a minor participant.

**Standard of Review**

As Petitioner acknowledges in his brief, ineffective assistance of counsel claims are analyzed under the framework set out in Strickland v. Washington, 466 U.S. 668 (1984). To establish a *prima facie* claim of ineffective assistance of counsel, one must show that his lawyer's performance was deficient and that the deficient performance prejudiced the defense. Strickland at 687. Deficient performance is performance which is objectively unreasonable under the prevailing professional norms. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland at 694. "The issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (*en banc*) (quoting Berger v. Kemp, 483 U.S. 776 (1987)).

**Discussion**

**Ground One:**  Defense counsel was constitutionally ineffective for taking Mr. Welch to trial without the essential evidence required to make the defense that was available and the evidence and objections required by the circumstances.

In support of ground one, Petitioner argues that his counsel was ineffective for not putting on evidence that Petitioner had merely been on a vacation trip "that suddenly changed." Petitioner contends his attorney should have called Mrs. Welch as a witness "to provide some background as to how the trip took place." And, he says:

> [T]he jury never learned that the R-V people, McBride, Ames, and Mitchell, had traveled earlier and separately with both the money and the guns. They

>had already been in Florida for a while before the group in the Suburban set out.  The jury never learned that the Suburban group had been partying in a South Beach hotel for five days and no one had contacted Lizardo in that time for drugs.  It never saw the videotape that Mr. Welch took of everyone having fun around the hotel.  And it never learned that everyone went to a concert two nights before the aborted deal.

Petitioner's memorandum in support, p. 11.

First it should be noted that none of the defendants testified in this case.  It is unclear how Petitioner contends counsel was supposed to get into evidence the ticket stubs for a rock concert and a videotape of people partying at a hotel without someone testifying in this regard.  Petitioner's wife certainly could not have testified about any of these activities.  Her only testimony could have been about the circumstances surrounding Welch leaving home on the trip, testimony that would have been inconsequential to the finding of guilt or innocence in this case.

Not putting one's client on the stand to testify in a criminal case is well accepted defense strategy.  It is often the most beneficial strategy.  But the issue is not whether it was beneficial in this particular case, the issue is whether other competent counsel would have made such a choice.  <u>Provenzano v. Singletary</u>, 148 F.3d 1327, 1332 (11th Cir. 1998).  Here, all defense counsel made the same strategic decision, and Welch certainly has not shown it to be an unreasonable one.  Counsel is not ineffective if his or her performance is a matter of sound trial strategy.  <u>Chandler v. United States</u>, 218 F.3d 1305 (11th Cir. 2000) (*en banc*).

Second, Petitioner's counsel was able to get some of these facts before the jury through cross-examination of Lizardo, the government's witness.  Counsel asked, "Now,

during this conversation, did you become aware that the people from New Jersey had come from a rock concert in Miami?" Lizardo responded that he "wasn't aware." Counsel then asked, "Did you know that they had come from Miami?" Lizardo replied, "I overheard conversation." Counsel then asked, "You knew they were from New Jersey and they had come up from Miami, isn't that right?" Lizardo answered in the affirmative. (D-238 at 65).

Within the same ground one, Petitioner makes an additional argument concerning the ineffectiveness of his counsel. Petitioner claims he "would have been acquitted but for the erroneous introduction of extraneous statement evidence that was lacking from Murphy and Dupree" (Murphy and Dupree were acquitted).

The first "extraneous statement evidence" came in when Lizardo testified that there was general discussion in the car on the way to the drug deal as to how the cocaine could be tested. Petitioner acknowledges that that statement was admissible, but contends the jury did not give it much weight since Murphy and Dupree were in the car as well and they were not convicted. Since Petitioner admits it was admissible, he apparently is not contending that his lawyer was ineffective for failing to object.

The second statement is one "where Mr. Welch challenges Lizardo over whether he is the police." (Petitioner's memorandum in support, p. 12). The third statement is, when it appeared co-defendant Byrd might be released from jail on bail, Welch said to a law enforcement officer, "You can't let him go, he set this thing up." (D-238 at 32-33, 225, 229-30). Welch contends these two statements were improperly admitted, and his counsel was ineffective for failing to object to their admissibility, because they are not Rule 801(d)(2)(E)

statements, but rather Rule 804(b)(3) statements. Petitioner then argues that they are not truly 804(b)(3) statements because they are not directly against Welch's penal interest.

Contrary to Petitioner's argument, these statements were properly admitted for two reasons. First, they are not hearsay as defined by Rule 801(c) because they were not offered for the truth of the matter asserted. Second, they are not hearsay because of the provisions of Rule 801(d)(2)(a) which provides:

> A statement is not hearsay if the statement is offered against a party and is (a) the party's own statement, in either an individual or a representative capacity
> . . .

Since these statements were properly admitted, counsel was not ineffective for failing to object.

In ground one, Petitioner has failed to show counsel was deficient in his performance or that he was prejudiced by counsel's performance. Therefore, ground one must be denied.

**Ground Two:**	The 21 U.S.C. §851 enhancement is not constitutionally authorized for state predicate convictions and it is legally void.

In the second ground, Petitioner seems to argue that it is unconstitutional (or that this Court does not have jurisdiction) to enhance a defendant's sentence because of prior convictions. This argument seems to be in the nature of a <u>Booker</u>[1] argument.

These arguments fail for several reasons. First, Petitioner's direct appeal was final when the Supreme Court denied certiorari on June 14, 2004. The <u>Booker</u> decision was not rendered until January 12, 2005, and it did not apply retroactively to cases (like Petitioner's)

---

[1] <u>United States v. Booker</u>, 543 U.S. 220 (2005).

that were already final. Varella v. United States, 400 F.3d 864, 868 (11th Cir. 2005). Second, it is appropriate for a sentencing court to consider prior convictions in sentencing a defendant under the guidelines. See Almendarez-Torres v. United States, 523 U.S. 224 (1998). In Almendarez-Torres, the Supreme Court "held that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." United States v. Marseille, 377 F.3d 1249, 1257 (11th Cir. 2004). And, third, after the Supreme Court's holding in Booker, the Eleventh Circuit reaffirmed a sentencing court's ability to enhance a sentence based on a judicial fact-finding of a prior conviction. United States v. Shelton, 400 F.3d 1325 (11th Cir. 2005).

For these reasons, the second ground will be denied.

**Ground Three:**   Should the defendant prevail on Ground Two, then he must be resentenced to the terms of his jury verdict exclusively and as a minor participant.

Petitioner acknowledged that ground three does not apply unless he prevailed on ground two. Since he did not prevail on ground two, there is no need for this Court to address ground three. Additionally, ground three appears to once again make a Booker argument which has already been addressed by this Court above. Therefore, ground three must be denied.

## Conclusion

For the reasons set forth above, Petitioner's motion to vacate should be denied.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on August 1, 2006.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2005\05-cv-1144.deny 2255.wpd